SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

JAN - 5 2012

BY _____ J. T. NOBLIN, CLERK
                                    DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**VS.**                                    CIVIL ACTION No. *3:12CV9HTWLRA*

**WILLIAM F. HUGHES, JR. AND**
**SHERRI S. HUGHES, his WIFE;**
**JOHN MITCHELL HUGHES and**
**JENNIFER W. HUGHES,**
**As Trustees of F & S Family Trust, and,**
**WAYMON SOWELL**                                           **DEFENDANTS**

## COMPLAINT

NOW APPEARS John M. Dowdy, Jr., United States Attorney for the Southern District of Mississippi, by and through the undersigned Assistant United States Attorney, and on behalf of the United States of America, and for its Complaint against the Defendants would allege the following:

### 1.

This Court has jurisdiction, pursuant to the provisions of 28 U.S.C. §1345, by reason of the fact that this is a civil action brought by the United States of America, on behalf of the Farm Service Agency, an agency within the United States Department of Agriculture.

### 2.

Defendants, William F. Hughes, Jr. and Sherri S. Hughes, Husband and Wife, are adult residents of Madison County, Mississippi.  These Defendants may be served with

service of process of Plaintiff's Complaint at their principal residence located at 122 North Catlett Road, Canton, Mississippi 39046-9714.

### 3.

Defendants, John Mitchell Hughes and Jennifer W. Hughes, are adult residents of Jefferson County, Alabama.  These Defendants may be served individually, and as Co-Trustees of F & S Family Trust at their principal residence located at 621 Ridge Road, Birmingham, Alabama 35206-1625.

### 4.

Defendant, Waymon Sowell, is an adult resident of Madison County, Mississippi. This Defendant may be served with service of process of Plaintiff's Complaint at his residence located at 2427 Highway 22, Canton, Mississippi 39046-9738.  Mr. Sowell also has a mailing address of P.O. Box 1101, Canton, Mississippi 39646-1101.

### 5.

In order to obtain loan assistance from the United States of America, acting by and through the Farm Service Agency, United States Department of Agriculture, Defendants executed and delivered to Plaintiff certain Promissory Notes in the principal amount, at the interest rate and due and payable as follows:

| Loan Type | Date of Note | Principal Amount | Interest Rate | Terms |
|---|---|---|---|---|
| EM-43-29-R | April 22, 2003 | $113,662.28 | 3.75% | 15 annual installments in the amount of $10,046.00 beginning January 1, 2004. |
| EM-43-33-R | April 22, 2003 | $100,389.16 | 3.75% | 15 annual installments in the amount of $8,873.00 beginning January 1, 2004. |

| Loan Type | Date of Note | Principal Amount | Interest Rate | Terms |
|---|---|---|---|---|
| OL-44-81-R | March 22, 2002 | $155,971.70 | 4.755 | 15 annual Installments In the amount of $14,776.00 beginning January 1, 2003. |

Copies of each Note, which are owned and held by the United States of America, are attached hereto and incorporated herein as Exhibit "A".

## 6.

To secure the indebtedness set forth in Paragraph 4 above, Defendants Hughes executed and delivered to the Farm Service Agency, a Security Agreement (Chattels and Crops) dated April 7, 2004. By execution of said Agreement, Mr. and Mrs. Hughes conveyed a priority, secured lien in all farm equipment and farm personalty, now owned, or hereafter acquired. The lien of the United States was properly perfected by the filing of UCC Financing Statements and Continuations with the Office of the Secretary of State for the State of Mississippi. Copies of the Security Agreement and UCC Financing Statements are collectively attached hereto and incorporated herein as Exhibit "B". The United States of America is also the owner and holder of said security instruments.

## 7.

After allowing all credits thereon, there remains due and owing to the United States of America the total sum of $287,742.93. Said sum representing $233,002.04 in unpaid principal, plus accrued interest through may 25, 2011 in the amount of $54,740.89, with interest accruing thereafter at the rate of $26.7692 per day. There is also an accumulated

3

delinquency in the amount of $103,500.07.  A copy of the Statement of Account, and its

accounting attachments, are attached hereto and incorporated herein as Exhibit "C".

**8.**

In order to participate in the Direct and Counter Cyclical Program, F & S Family Trust

Farm, acting by and through its Co-Trustee, John Mitchell Hughes, submitted Form CCC-

502D, *"Farm Operating Plan for Payment Eligibility Review for an Estate or Trust"* on or

about May 14, 2007.  Included in said Farm Operating Plan was the F & S Family Trust

Irrevocable Trust Agreement. Defendants Hughes are Creators of said Trust Agreement, and

in said Agreement, Defendants/Creators Hughes set forth,

> *"...Creators herewith deliver and do here by grant, convey, assign and set over to the Co-Trustees, the property described in Schedule "A" attached hereto and incorporated herein by reference and do hereby vest title thereto unto the Co-Trustees, it being the intent of the Creators to assign and convey to the Co-Trustees, in trust, any and all interest and rights which the Creators may now have, or which, but for this Agreement, might have accrued to the Creators..."*

The equipment listed on the subject Schedule "A" is set forth as follows:

| Quantity | Kind | Manufacturer | Size/Type | Condition | Year | Serial No. |
|---|---|---|---|---|---|---|
| 1 | Tractor | John Deere | 4955 MFWD | | | |
| 1 | Tractor | John Deere | 4850 | | | |
| 1 | Chisel Plow | Inter'l. Harvester | | | | |
| 1 | Ripper | | 900 6-Shank | | | |
| 1 | Cultivator | Lilliston | 8-Row | | | |
| 1 | Planter | John Deere | 7100 w/markers | | | |
| 1 | Disk | John Deere | 230 | | | |
| 1 | Cutting Disk | AMCO | | | | |
| 1 | Truck Tractor | Ford | 9000 | | 1993 | |

4

| Quantity | Kind | Manufacturer | Size/Type | Condition | Year | Serial No. |
|---|---|---|---|---|---|---|
| 1 | Hopper Bottom | Trailmobil | 40-Foot | | 1979 | |
| 1 | Float Trailer | | 38-Foot Aluminum | | | |
| 1 | Trailer | | 18-Yard Dump | | | |
| 1 | Field Cultivator | John Deere | 1010 24-Foot | | | |
| 1 | Diesel Tank and Pump | | 500 Gallon | | | |

In order for Defendants/Creators Hughes to grant, convey, assign and set over the heretofore described equipment, it would, therefore, have to be in the possession of Defendants, which would be covered under the priority lien of the United States of America and is believed to be in the possession of Defendants, William F. Hughes, Jr. and Sherri S. Hughes.   Copies of the Form CCC-502D and the F & S Family Trust Irrevocable Trust Agreement are collectively attached hereto and incorporated herein as Exhibit "D".

### 9.

On or about October 31, 2007, Defendants Hughes submitted an Amended Schedule "A" to the F & S Family Trust, wherein they attested to the fact that the equipment was conveyed to the F & S Family Trust by Waymon Sowell, Mrs. Sherri Hughes' Father. A copy of the Amended Schedule "A" is attached hereto and incorporated herein as Exhibit "E".

### 10.

Defendants breached the covenants set forth in the Notes and Security Agreement (Chattels and Crops) and due to said default, Plaintiff elected to accelerate the unpaid balance

and demand payment in full.  Copies of the Notices of Acceleration are attached hereto and incorporated herein as Exhibit "F".

### 11.

Plaintiff, United States of America, has performed all conditions precedent and has made demand upon Defendants for the amount due, but Defendants have failed and neglected to pay the indebtedness.

### 12.

Defendants, John Mitchell Hughes and Jennifer W. Hughes, may claim an interest in the movable chattel property that is the subject of this action by virtue of being Co-Trustees of the F & S Family Trust.  Any claim these Defendants may have is junior, inferior and subordinate to the claim of the United States of America.

### 13.

Defendant, Waymon Sowell, may claim an interest in the movable chattel property that is the subject of this action by virtue of the Amended Schedule "A" to the F & S Family Trust Irrevocable Trust Agreement.  Any claim this Defendant may have is junior, inferior and subordinate to the claim of the United States of America.

WHEREFORE, the United States of America, Plaintiff herein, prays for service upon the Defendants with a copy of this Complaint, together with a Summons according to law, and after delays and due proceedings herein for judgment in favor of Plaintiff and against Defendants, William F. Hughes, Jr. and Sherri S. Hughes, for the total amount of $287,742.93.  Said sum representing $233,002.04 in unpaid principal, plus accrued interest

6

through May 25, 2011 in the amount of $54,740.89, with interest accruing thereafter until judgment at the rate of $26.7692 per day until entry of judgment and at a post-judgment rate thereafter as provided by law until paid in full;

Plaintiff further prays that its lien be recognized as a good and valid priority, secured lien and maintained upon the mortgaged property described in Paragraph No. 8 of this Complaint, and that said property be seized by the United States Marshal for the Southern District of Mississippi and sold at public auction, according to law to the highest bidder; subject to any unpaid taxes, and that out of the proceeds of said sale, Plaintiff be paid by preference and priority over any and all persons the amount of its claim, and that the amount realized from said sale be credited *pro tanto* upon the amount of the judgment herein and if not sufficient to pay an discharge the judgment herein for *in personam* judgment over and against the Defendants, William F. Hughes, Jr. and Sherri S. Hughes, for the deficiency to be enforceable in accordance with the law against any and all property and interests belonging to Defendants Hughes herein;

The United States of America further prays for judgment against Defendants Hughes for all further advances up to the date of judgment made under the terms of the Security Agreements (Chattels and Crops);

Further, the United States of America prays that due to the violations of the covenants contained in its Security Agreement described in Paragraph No. 6 above, that its lien, privileges and mortgages be recognized and maintained upon the movable property described

therein, any additions to or increases in, or replacements thereof, and that the United States Marshal be authorized and directed to take possession of and sell said movable property according to law to the highest bidder and apply all the proceeds of said sale by preference and priority over and all persons whomsoever *pro tanto* upon the amount of the judgment herein;

Plaintiff further prays that if the proceeds from said sale be insufficient to fully pay and satisfy the judgment herein, for judgment over and against the Defendants for the deficiency; and, lastly,

The United States of America prays for all orders and decrees necessary in the premises, and for all general equitable relief and for all costs of these proceedings.

Dated: January 5, 2012

Respectfully submitted,

JOHN M. DOWDY, JR.
United States Attorney

By _____
DAVE FULCHER, MSB # 10179
Assistant United States Attorney
Southern District of Mississippi
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201
Telephone:    (601) 973-2824
Facsimile:    (601) 965-4409
E-Mail: Dave.Fulcher@usdoj.gov

OF COUNSEL:
Danny L. Woodyard, Attorney
Office of General Counsel — USDA
3201 Federal Building
700 West Capitol Avenue
Little Rock, Arkansas  72201
Telephone:    (501) 324-5246
Facsimile:    (501) 324-5482
Danny.Woodyard@ogc.usda.gov